DILLON, Judge, concurring in part and dissenting in part.
I. Discussion
A. Adjudication of Neglect
I concur with the majority that the trial court did not err in concluding that Gavin was a neglected juvenile at the adjudication phase of the proceeding.
B. Dispositional Determination
I dissent from the majority's conclusion that the trial court erred by directing that reasonable reunification efforts must cease pursuant to N.C. Gen. Stat. § 7B-901(c)(1) e. in its Initial Dispositional Order.[3]
The version of N.C. Gen. Stat. § 7B-901(c)(1) e. applicable to this proceeding provides that if the trial court finds that "[a] court of competent jurisdiction has determined that" one of the aggravated circumstances enumerated in the statute exists, then the trial court must "direct that reasonable efforts for reunification ... shall not be required[.]" N.C. Gen. Stat. § 7B-901(c)(1) e. (2013).[4]
In the present case, the court determined itself that one of the enumerated, aggravated circumstances did exist; namely, that Mother has "allowed the continuation" of "[c]hronic or toxic exposure to alcohol or controlled substances that causes impairment of [Gavin]." Id. The *60 court's determination was based on its findings that Mother had used controlled substances while she was pregnant with Gavin, that Gavin was currently impaired and was undergoing treatment due to his exposure to these drugs, and that Mother still used and intended to continue using illegal drugs. Specifically, the trial court found that: (1) Mother "tested positive for benzos"; (2) Mother admitted that she was currently using marijuana; (3) Gavin "has withdrawal symptoms and has been on methadone for months, which shows the toxic effects of chronic exposure to [Mother's] use of controlled substances during pregnancy"; and (4) Mother "intends to continue to use marijuana despite the impact her illegal drug use has had on her ability to parent." Accordingly, the trial court concluded that reasonable efforts for reunification were not required pursuant to N.C. Gen. Stat. § 7B-901(c)(1) e.
The majority concludes that the trial court erred in directing that reasonable efforts for reunification were not required. The majority reaches this conclusion based on its reading of a portion of N.C. Gen. Stat. § 7B-901(c), which provides that the trial court (at the initial dispositional hearing stage) shall direct *281 that reunification efforts no longer be required if that court finds that "[a] court of competent jurisdiction has determined that" an aggravated circumstance exists. N.C. Gen. Stat. § 7B-901(c). The majority reads this language to mean that the trial court cannot direct that reunification efforts are no longer required based on its own determination that an aggravated circumstance exists. Rather, the majority reads the statutory language to mean that the determination regarding the existence of an aggravated circumstance must be made in some prior order by a court of competent jurisdiction, either in the same cause or in some other proceeding.
I disagree with the majority's restrictive reading of N.C. Gen. Stat. § 7B-901(c). I agree with the majority that the statutory language provides that the trial court at the initial dispositional hearing stage may rely on a determination made in some prior order. But I also believe that the General Assembly intended that the court at that stage could itself consider evidence and determine the existence of an aggravated circumstance, and, based on its own determination, conclude that "a court of competent jurisdiction" has made the determination sufficient to relieve DSS from having to pursue reunification. Certainly, the Buncombe County District Court is "a court of competent jurisdiction," whether at the initial dispositional hearing phase or at some prior stage of the proceeding. And, here, that court at the initial dispositional phase "has determined" that an aggravated circumstance exists.
*61 Under the majority's interpretation of the statute, the trial court here would not have committed error if it had simply entered two separate orders, instead of one; namely, an order determining the existence of the aggravated circumstance and then an initial dispositional order based on the first order's determination. However, under the majority's interpretation, the trial court here committed error simply by issuing a single order combining these two steps. I do not think this result was intended by the General Assembly, and this result is certainly not compelled by the phrase "has determined" in the statute. Rather, I believe that the General Assembly intended that a trial court, even at the initial dispositional hearing phase, continued to have authority to consider any reliable evidence and make any determination(s) based on that evidence as to the presence of an aggravated circumstance in its effort to determine the appropriate plan for the juvenile. See In re Vinson , 298 N.C. 640, 666, 260 S.E.2d 591, 607 (1979) (discussing the broad powers of the district court to consider evidence and matters at the dispositional phase).
C. Denial of Mother's Continuance
Mother argues that the trial court erred in denying her a continuance to prepare for a hearing, contending that she was not aware that the issue regarding reunification efforts would be raised. The majority held that this issue was moot based on its reversal of the dispositional order. I would reach this third issue.
Based on my review of the record, I conclude that the trial court did not err in proceeding with the hearing. Here, competent evidence demonstrates that Gavin was exposed to toxic substances during the pregnancy and that he was required to receive treatment from birth for many months. Mother stipulated that she used cocaine, methamphetamines, and marijuana during the pregnancy. There were undisputed reports that Gavin was receiving methadone to treat his addiction and that he was suffering from tremors. See In re L.G.I. , 227 N.C.App. 512, 515-16, 742 S.E.2d 832, 835 (2013) (determining that evidence of illegal drugs in a newborn's system coupled with the mother's admission that she used illegal drugs during the pregnancy is sufficient to support a conclusion that the mother's drug use caused the presence of illegal drugs in her newborn). This evidence was sufficient to sustain the trial court's determination that Gavin was impaired due to his exposure to illegal drugs consumed by Mother during the pregnancy; and the trial court did not err in proceeding with the hearing. See In re Vinson , 298 N.C. at 669, 260 S.E.2d at 608 (stating that a trial court may consider matters not raised *62 in the petition during a dispositional hearing, so long as the information is reliable, accurate, and competently obtained). *282 II. Conclusion
My vote is to affirm Judge Scott 's orders.

The trial court did not demand that the county reunification efforts cease . Rather, the court simply stated that the county was "not required" to use reasonable efforts for reunification, tracking the language of N.C. Gen Stat. § 7B-901(c).

This statute has since been amended (during the 2016 short session) to provide the trial court more discretion. Specifically, under the statute's current version, even where the trial court makes a finding concerning the existence of an aggravated circumstance, the trial court may, nonetheless, direct that reasonable efforts for reunification continue if the trial court "concludes that there is compelling evidence warranting continued reunification efforts[.]" 2016 Appropriations Act, § 12C.1.(g), Session Law 2016-94 (codified as amended at N.C. Gen. Stat. § 7B-901(c)(2016) ).